IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 21-305 |
| **JESSE FLECK** | : | |

**GOVERNMENT'S MOTION FOR ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Jennifer Arbittier Williams, United States Attorney for the Eastern District of Pennsylvania, and Louis D. Lappen, Deputy United States Attorney, respectfully requests entry of an order of forfeiture, and, in support of this motion, the United States represents as follows:

1. On August 11, 2021, Jesse Fleck was charged by information with violating 18 U.S.C. § 666(a)(1)(A), and 2, theft from an organization receiving federal funds and aiding and abetting (Count One); and 18 U.S.C. § 1343, wire fraud (Count Two). The information also contained Notices of Forfeiture, which alleged that the defendant's interest in certain property was forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(3)(A), and 28 U.S.C. § 2461, as a result of the violations charged in the information. The Notices of Forfeiture also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

2. On or about November 22, 2021, the defendant pleaded guilty to Counts One and Two of the information.

3. As a result of his guilty plea, the defendant is required, and has agreed, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(3)(A), and 28 U.S.C. § 2461, to forfeit criminally his interest in any property, real or personal, which constitutes or is derived from

proceeds traceable to a "specified unlawful activity," that is wire fraud, and/or to forfeit criminally his interest in any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation of section 666(a)(1) of Title 18, as charged collectively in Counts One and Two of the information.

4. Pursuant to the terms of the plea agreement, the defendant has agreed to the entry of a forfeiture money judgment, which the parties now agree should be in the amount of $19,015, which represents the proceeds that the defendant obtained as a result of his violations as charged in Counts One and Two of the information. Based upon the defendant's plea agreement and the facts set forth in the government's plea memorandum, and in the record as a whole, the government avers that the sum of $19,015 in United States currency is subject to forfeiture as a result of the defendant's guilty plea as to Counts One and Two of the information, and that the government has established the requisite nexus between such property and the offenses. This amount represents the value of proceeds that he obtained as a result of 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(B), and 28 U.S.C. § 2461. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); Fed. R. Crim. P. 32.2(b)(1) (where the government seeks an order of forfeiture for criminal proceeds, the court must determine the amount of money that the defendant will be ordered to pay).

5.  The government, therefore, seeks an order of forfeiture and the entry of a money judgment for $19,015.  Under 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(3)(A), and 28 U.S.C. § 2461, this sum represents the proceeds that the defendant obtained as a result of his commission of offenses set forth in Counts One and Two of the information.

6.  The defendant admits, pursuant to his plea agreement, that, due to his acts or omissions, the $19,015 in proceeds is not currently available to the government for forfeiture, and that the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met.  Based upon the defendant's plea agreement, and the facts set forth in the government's plea memorandum, and in the record as a whole, the defendant has dissipated the proceeds that he obtained, and the United States cannot locate the proceeds upon the exercise of due diligence, and one or more of the conditions in 21 U.S.C. § 853(p) have been met.  Accordingly, pursuant to 21 U.S.C. 853(p) and Federal Rule of Criminal Procedure 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of $19,015.  21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(b)(2).[1]

---

[1] Title 21 U.S.C. § 853(p) provides that the government is entitled to the forfeiture of substitute property if, as a result of any act of the defendant, forfeitable property cannot be found upon the exercise of due diligence or has been transferred or deposited with a third party.  Fed. R. Crim. P. 32.2(e)(1)(B) provides that the court may, at any time, amend an existing order of forfeiture to include substitute property.  The government may forfeit substitute assets to satisfy a forfeiture money judgment.  *See, e.g.*, *United States v. Hall*, 434 F.3d 42, 58 n.7 (1st Cir. 2006) (substitute assets may be forfeited to satisfy a forfeiture order for a sum of money that the defendant, by his act or omission, has prevented the government from tracing); *United States v. Moses*, No. 1:05-CR-133, 2010 WL 3521725, at *9 (D. Vt. Sept. 7, 2010) (any property not forfeited as proceeds or facilitating property may be forfeited as substitute assets to satisfy the money judgment); *United States v. George*, No. 1:09cr431, 2010 WL 1740814, at *3 (E.D. Va. Apr. 26, 2010) (defendant ordered to forfeit annuity payments she was entitled to receive for the next ten years as substitute asset in partial satisfaction of money judgment); *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy money judgment).

7.  The government requests authority to conduct discovery, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

8.  Because the government seeks only a forfeiture order in the amount of proceeds that the defendant obtained and does not seek the forfeiture of any specific asset at this time, advertisement of the order and third-party proceedings are not required.  Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third party claims required where forfeiture does not include specific property).

For the reasons stated above, the government requests that this Court enter the attached Order.

>Respectfully submitted,
>
>JENNIFER ARBITTIER WILLIAMS
>United States Attorney
>
>
>SARAH L. GRIEB
>Assistant United States Attorney
>Chief, Asset Recovery and Financial Litigation
>
>
>*/s/ Louis D. Lappen*
>LOUIS D. LAPPEN
>Deputy United States Attorney

Date: March 11, 2022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 21-305 |
| JESSE FLECK | : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Jesse Fleck's guilty plea as to Counts One and Two of the information charging him violating 18 U.S.C. § 666(a)(1)(A), and 2, theft from an organization receiving federal funds and aiding and abetting (Count One); and 18 U.S.C. § 1343, wire fraud (Count Two), the defendant is required pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(3)(A), and 28 U.S.C. § 2461, to forfeit criminally his interest in any property, real or personal, which constitutes or is derived from proceeds traceable to a "specified unlawful activity," that is wire fraud, and/or to forfeit criminally his interest in any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation of section 666(a)(1) of Title 18, as charged collectively in Counts One and Two of the information.

2. All property that constitutes or is derived from proceeds traceable to the commission of such offenses is forfeited to the United States.

3. The sum of $19,015 represents the value of property that constitutes any property, real or personal, which constitutes or is derived from proceeds traceable to a "specified unlawful activity," that is wire fraud, and/or to forfeit criminally his interest in any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly,

as a result of such violation of section 666(a)(1) of Title 18, as charged collectively in Counts One and Two of the information.

      4.      The defendant shall forfeit to the United States the $19,015 in proceeds that he obtained as a result of his commission of the offenses charged in Counts One and Two of the information, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(3)(A), and 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2(b)(2).  A money judgment in the amount of $19,015 is hereby entered against the defendant.

      5.      Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the defendant has dissipated or otherwise spent the proceeds that he obtained. The United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant, having a value up to the amount of the uncollected money judgment, as substitute assets.

      6.      Upon entry of this Order or any amendment thereto that is entered pursuant to Federal Rule of Criminal Procedure 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

      7.      Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

8. Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

9. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

10. The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

ORDERED this ___ day of _____, 2022.

_____
**HONORABLE C. DARNELL JONES**
**United States District Judge**

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

> Donte Mills, Esq.
> Counsel for defendant

*/s/ LOUIS D. LAPPEN*
LOUIS D. LAPPEN
Deputy United States Attorney

Date: March 11, 2022